**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | | |
|---|---|---|
| **GARY MCLAUGHLIN** | § | **Docket No.** __1: 17-cv-255__ |
| individually and on behalf | § | |
| of all others similarly situated, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **SENECA RESOURCES AND** | § | |
| **NATIONAL FUEL GAS COMPANY** | § | **CLASS/COLLECTIVE ACTION** |
| | § | |
| **Defendants.** | § | **PURSUANT TO 29 U.S.C. § 216(b)/** |
| | § | **FED. R. CIV. P. 23** |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1.      Gary McLaughlin ("Plaintiff") bring this lawsuit to recover unpaid overtime wages and other damages from Seneca Resources and National Fuel Gas Company ("Defendants") under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2.      Plaintiff worked for Defendants as a Solids Control Technician.

3.      Plaintiff and the other workers like them regularly worked for Defendants in excess of forty (40) hours each week.

4.      But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5.      Instead of paying overtime as required by the FLSA and PMWA, Defendants improperly classified Plaintiff and those similarly situated workers as independent contractors and paid them a daily rate with no overtime compensation.

6.      This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II.      JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8.      The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

10.     Plaintiffs worked exclusively for Defendants in this District and Division and Defendants conduct substantial business operations in this District and Division, including the operational headquarters for its Marcellus Shale operations.

## III.      THE PARTIES

11.     Plaintiff worked for Defendants as a Solids Control Technicians from approximately May 2015 until November 2016.

12.     Throughout his employment with Defendants, Plaintiff was paid a day-rate with no overtime compensation and was classified as independent contractors.

13.     Plaintiff's consent to be a party plaintiff is attached as Exhibit A.

14.     Plaintiff brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid by Defendants' day-rate system.  Defendants paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA and PMWA.

15.     The class of similarly situated employees or putative class members sought to be

2

certified is defined as follows:

> **ALL CURRENT AND FORMER OILFIELD WORKERS THAT WORKED FOR OR ON BEHALF OF SENECA RESOURCES AND NATIONAL FUEL GAS COMPANY WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE DURING THE LAST THREE (3) YEARS. (**"Putative Class Members")

16.     Plaintiff also seeks class certification of such a class under FED. R. CIV. P. 23 under the PMWA.

17.     Defendant Seneca Resources is corporation doing business throughout the United States, including Pennsylvania. Seneca Resources may be served by serving its registered agent for service of process, **CT Corporation System, 111 Eighth Avenue, New York, New York 10011.**

18.     Defendant National Fuel Gas Company is corporation doing business throughout the United States, including Pennsylvania. National Fuel Gas Company may be served by serving its registered agent for service of process, **CT Corporation System, 111 Eighth Avenue, New York, New York 10011.**

## IV.     COVERAGE UNDER THE FLSA

19.     At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20.     At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21.     At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce by any person and in that Defendants have had and

3

have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

22.     At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

23.     As will be shown through this litigation, Defendants treated Plaintiff (and indeed all of its workers that it classified as independent contractors and paid a daily rate to without overtime compensation) as employees and uniformly dictated the pay practices of Plaintiff and its other workers including its so-called "independent contractors".

24.     Defendants misclassification of Plaintiff and the Putative Class Members as independent contractors does not alter their status as employees for purposes of the FLSA, or the PMWA.

## V.     FACTS

25.     Defendants are an oil and natural gas exploration and production company operating throughout the United States, including Pennsylvania. To complete their business objectives, Defendants hire personnel to perform work such as solids control services.

26.     Many of these individuals worked for Defendants on a day-rate basis, were misclassified as independent contractors, and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.  These so-called independent contractors were paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

27.     For example, Plaintiff worked for Defendants as a Solids Control Technician from approximately May 2015 to November 2016. Throughout his employment with Defendants, he was classified as an independent contractor and paid on a day-rate basis.

28.     As a Solids Control Technician, Plaintiff spent his shifts separating drilling fluid from the solids crushed by the drill bit and carried up to the surface in the drilling fluid.

29.     The work Plaintiff performed was an essential and integral part of Defendants' core business.

30.     While he was classified as an independent contractor, Defendants exercised control over all aspects of their job.

31.     Defendants did not require any substantial investment by Plaintiff or the Putative Class Members for them to perform the work required.

32.     Defendants determined Plaintiff and the Putative Class Members opportunity for profit and loss.  Plaintiff and the Putative Class Members were not required to possess any unique or specialized skillset (other than that maintained by all other employees in their respective position) to perform their job duties.

33.     Defendants and its clients controlled all the significant or meaningful aspects of the job duties performed by Plaintiff and the Putative Class Members.

34.     Defendants and its clients determined the hours and locations Plaintiff and the Putative Class Members worked, tools used, and rates of pay received.

35.     Even though Plaintiff and the Putative Class Members often worked away from Defendants' offices without the presence of a direct supervisor employed by Defendants, Defendants still controlled all aspects of Plaintiff and the Putative Class Members job activities by enforcing mandatory compliance with Defendants' and its client's policies and procedures.

36.     No real investment was required of Plaintiff and the Putative Class Members to perform their job.

37.     More often than not, Plaintiff and the Putative Class Members utilized equipment provided by Defendants and/or its clients to perform their job duties.  Plaintiff and the Putative Class Members did not provide the equipment he worked with on a daily basis.

38.     Defendants and/or its clients made the large capital investments in buildings, machines, equipment, tools, and supplied in the business in which Plaintiff and the Putative Class Members worked.

39.     Plaintiff and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and insurance.

40.     Plaintiff and the Putative Class Members were economically dependent on Defendants during their employment.

41.     Defendants set Plaintiff and the Putative Class Members rates of pay, their work schedules, and prohibited them from working other jobs for other companies while they were working on jobs for Defendants.

42.     Defendants directly determined Plaintiff and the Putative Class Members opportunity for profit and loss.  Plaintiff and the Putative Class Members earning opportunities were based on the number of days Defendants scheduled them to work.

43.     Moreover, the job functions of Plaintiff and the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

44.     Plaintiff and the Putative Class Members did not have any supervisory or management duties.

45.     Plaintiff and the Putative Class Members were not employed by Defendants on a project-by-project basis.  In fact, while Plaintiff and the Putative Class Members were classified as

independent contractors, they were regularly on call for Defendants and/or its clients and were expected to drop everything and work whenever needed.

46.     Plaintiff and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

47.     Plaintiff and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

48.     Defendants' policy of failing to pay their independent contractors, including Plaintiff and the Putative Class Members, overtime violates the FLSA and PMWA because these workers are, for all purposes, employees performing non-exempt job duties.

49.     Because Plaintiff (and Defendants' other independent contractors) were misclassified as independent contractors by Defendants, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## VI.     FLSA VIOLATIONS

50.     As set forth herein, Defendants have violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

51.     Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members overtime compensation. Defendants failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

52.     Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII.     PMWA VIOLATIONS

53.     Plaintiff brings this claim under the PMWA as a Rule 23 class action.

54.     The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

55.     At all relevant times, Defendants were subject to the requirements of the PMWA.

56.     At all relevant times, Defendants employed Plaintiff and the Putative Class Members as an "employee" within the meaning of the PMWA.

57.     The PMWA requires employers like Defendants to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and the Putative Class Members are entitled to overtime pay under the PMWA.

58.     Defendants have and had a policy and practice of misclassifying Plaintiff and the Putative Class Members as independent contractors and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

59.     Plaintiff and the Putative Class Members seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

60.     Plaintiff and the Putative Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the PMWA.

### VIII.     CLASS AND COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Plaintiff were likewise imposed on the Putative Class Members.

62.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and PMWA.

63.     Numerous other individuals who worked with Plaintiff indicated they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

64.     Based on his experiences and tenure with Defendants, Plaintiff is aware that Defendants' illegal practices were imposed on the Putative Class Members.

65.     The Putative Class Members were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

66.     Defendants failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

67.     Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

68.     The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

69.     Plaintiff has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Plaintiff has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

70.     A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

71.     Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA and applicable state labor laws.

72.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

73.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

74.     The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

      a.    Whether Defendants employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA and PMWA;

      b.    Whether the Putative Class Members were improperly misclassified as independent contractors;

      c.    Whether Defendants decision to classify the Putative Class Members as independent contractors was made in good faith;

      d.    Whether Defendants decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

      e.    Whether Defendants violation of the FLSA and PMWA was willful; and

      f.    Whether Defendants illegal pay practices were applied uniformly across the nation to all Putative Class Members.

75.     Plaintiff's claims are typical of the claims of the Putative Class Members. Plaintiff and the Putative Class Members sustained damages arising out of Defendants illegal and uniform employment policy.

76.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

77.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## IX.     JURY DEMAND

78.     Plaintiff demands a trial by jury.

## X.     RELIEF SOUGHT

79.     WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.      An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.      For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c.      For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

d.      For an Order appointing Plaintiff and his counsel as Class Counsel to represent the interests of the both the federal and state law classes;

e.      For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Joshua P. Geist*
　　Joshua P. Geist
　　PA. I.D. No. 85745
　　**GOODRICH & GEIST, P.C.**
　　3634 California Ave.
　　Pittsburgh, PA 15212
　　Tel: (412) 766-1455
　　Fax: (412)766-0300
　　josh@goodrichandgeist.com

　　**AND**

　　Michael A. Josephson
　　Texas Bar No. 24014780
　　*(Pending Pro Hac Vice)*
　　Andrew W. Dunlap
　　Texas Bar No. 24078444
　　(*Pending Pro Hac Vice*)
　　**JOSEPHSON DUNLAP LAW FIRM**
　　11 Greenway Plaza, Suite 3050
　　Houston, Texas 77046
　　713-352-1100 – Telephone
　　713-352-3300 – Facsimile
　　mjosephson@mybackwages.com
　　adunlap@mybackwages.com

　　**AND**

　　Richard J. (Rex) Burch
　　Texas Bar No. 24001807
　　**BRUCKNER BURCH, P.L.L.C.**
　　8 Greenway Plaza, Suite 1500
　　Houston, Texas 77046
　　713-877-8788 – Telephone
　　713-877-8065 – Facsimile
　　rburch@brucknerburch.com

　　**ATTORNEYS IN CHARGE FOR PLAINTIFF**