IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY McLAUGHLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SENECA RESOURCES CORPORATION,<br><br>Defendant. | Civil Action No. 17-255<br>Judge Nora Barry Fischer |

**MEMORANDUM OPINION**

I. **Introduction**

Plaintiff Gary McLaughlin ("Plaintiff") initiated this civil action against Seneca Resources Corporation ("Seneca" or "Defendant") seeking to recover unpaid overtime wages and other damages. Plaintiff's First Amended Complaint sets forth claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

Presently pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, for a More Definite Statement. (Docket No. 10). Also before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. (Docket No. 16). For the reasons set forth below, Defendant's Motion to Dismiss will be DENIED and Plaintiff's Motion for Leave to Amend will be GRANTED.

II. **Background**

From May 2015 through November 2016, Plaintiff performed work for Defendant, an oil and gas exploration company, as a Solids Control Technician. (Docket No. 8 at ¶¶ 11, 24). Plaintiff contends that, although he frequently worked more than forty hours per workweek, Defendant classified Plaintiff as an independent contractor and paid him a day-rate without overtime compensation. (Id. at ¶¶ 25-26).

In addition to bringing claims on his own behalf, Plaintiff purports to represent a class of similarly situated employees who, like him, were allegedly misclassified as independent contractors by Defendants in order to circumvent minimum wage and overtime laws. In his First Amended Complaint, Plaintiff seeks to certify a putative class consisting of "all current and former oilfield workers that worked for or on behalf of Seneca Resources who were classified as independent contractors and paid a day-rate during the last three (3) years." (Id. at ¶ 15). In support of this class definition, Plaintiff alleges that, "[w]hile exact job titles and job duties may differ, [the putative class members] are subjected to the same or similar illegal pay practices for similar work." (Id. at ¶ 25). Plaintiff avers, albeit in conclusory fashion, that Defendant did not require any substantial investment by the putative class members, determined the profit opportunities for putative class members, controlled all meaningful aspects of the class members' job responsibilities, determined the hours and location of their work, and provided all necessary equipment to the putative class members. (Id. at ¶¶ 30-45). Plaintiff additionally alleges that the putative class members were not required to have specialized training or experience, did not incur operating expenses, were economically dependent on Defendant, did not have any supervisory or management responsibilities, and were not required to make any substantial investment in order to perform their jobs. (Id.).

### III. Procedural History

Plaintiff initiated the instant action on September 19, 2017. (Docket No. 1). Plaintiff filed an Amended Complaint on September 28, 2017, for the sole purpose of removing an improperly named corporate defendant at Defendant's request. (Docket No. 8).

Defendant filed the instant Motion to Dismiss on November 20, 2017. (Docket No. 10). In response, Plaintiff filed a motion seeking leave to file a Second Amended Complaint on December 20, 2017. (Docket No. 16). Defendant filed a brief in opposition to Plaintiff's motion on January 2, 2018. (Docket No. 19). Both motions are now ripe for review.

### IV. Legal Standards

#### A. Motion to Dismiss

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

The Supreme Court in *Iqbal* clarified that the decision in *Twombly* "expounded the pleading standard for 'all civil actions.'" *Iqbal*, 556 U.S. at 684. The court further explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted. *Id*. at 678-79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). The determination as to whether a complaint contains a

plausible claim for relief "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 556). In light of *Iqbal*, the United States Court of Appeals for the Third Circuit has instructed that district courts should first separate the factual and legal elements of a claim and then, accepting the "well-pleaded facts as true," "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Ultimately, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

    **B. Motion to Amend**

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED R. CIV P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "[M]otions to amend pleadings should be liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citations omitted). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 200 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Id*. (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)). The test under Rule 15(a) "is in the disjunctive, meaning that if [Defendants] meet[ ] [their] burden to prove any one of these elements, the [amendment] should not be permitted." *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 123 (W.D. Pa. Sep.15, 2015).

## V.     Discussion

In his Amended Complaint, Plaintiff purported to bring an FLSA action on behalf of himself and a class of similarly situated individuals which he defined as "all current and former oilfield workers that worked for or on behalf of [Defendant] who were classified as independent contractors and paid a day rate during the last three (3) years." Defendant does not challenge Plaintiff's individual claim for relief on his own behalf, but contends that Plaintiff has not plead any supporting facts with respect to the existence of a similarly situated class of additional plaintiffs. Defendant maintains that Plaintiff has failed to plead such basic facts as the job titles, job duties, or pay structures of any of the proposed class members. In the absence of such facts, Defendant contends that Plaintiff's allegations are so broad and conclusory that Defendant is unable to respond to the allegations in good faith.

In response, Plaintiff requests leave to file a Second Amended Complaint to cure the deficiencies in his prior pleading. His Second Amended Complaint seeks to certify a class consisting of "all current and former consultants that worked for or on behalf of [Defendant] who were classified as independent contractors and paid a day-rate during the last 3 years." (Docket No. 16-3 at ¶ 32). In addition to substituting the word "consultants" for "oilfield workers," the Second Amended Complaint identifies a handful of job titles including "drilling consultants," "completions consultants," workover consultants," "company men," and "solids control consultants." (*Id*. at ¶ 55-66).

Plaintiff's proposed pleading also supplies additional background information concerning his own job, noting that he "spent his shifts working at the direction of Defendant, separating drilling fluid from the solids crushed by the drill bit and carried up to the surface in the drilling fluid." (*Id*. at ¶ 69). With respect to the other positions, he alleges the following:

> 55. Defendant employs consultants in multiple job positions.
>
> 56. Plaintiff performed solids control work for Defendant.
>
> 57. Plaintiff worked alongside numerous other consultants paid a day rate by Defendant.
>
> 58. Defendant treated drilling consultants as independent contractors.
>
> 59. Defendant paid drilling consultants a day rate with no overtime pay.
>
> 60. Defendant treated completions consultants as independent contractors.
>
> 61. Defendant paid completions consultants a day rate with no overtime pay.
>
> 62. Defendant treated workover consultants as independent contractors.
>
> 63. Defendant paid workover consultants a day rate with no overtime pay.
>
> 64. Defendant treated company men as independent contractors.
>
> 65. Defendant paid company men a day rate with no overtime pay.

(*Id*. at ¶¶ 55-66). He also avers that he acquired first-hand knowledge of the allegedly illegal pay practices by working alongside individuals employed in several of the aforementioned positions including Wes Sammons, Gus Trejo, and David Dewberry. (*Id*. at ¶ 66).

With these allegations in mind, we turn first to Plaintiff's Motion for Leave to Amend. As noted above, it is well-established that leave to amend should be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the United States Supreme Court has explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the instant case, Defendant does not contend that the requested amendment should be denied on the basis of bad faith, dilatory motive, or undue prejudice.  Instead, Defendant argues that the proposed amendment would be futile because it suffers from the same deficiencies as the original pleading.  Because a futility challenge attacks an amendment's legal sufficiency, courts apply the same standard of legal sufficiency as applied under Federal Rule of Civil Procedure 12(b)(6).  *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) ("Futility is determined by the likelihood that the content of the amendment will survive a renewed motion to dismiss").

A handful of district courts have concluded that a conclusory pleading is insufficient to maintain a collective action under the FLSA.  In *St Croix v. Genentech, Inc.*, for example, a pharmaceutical sales representative alleged that her employer failed to pay overtime wages to her and "numerous individuals who were similarly situated." *St. Croix*, 2012 WL 2376668, at *1 (M.D. Fla. June 22, 2012).  However, she "fail[ed] to set froth any facts supporting her allegations that other Genentech employees are or were similarly situated." *Id*. at *3.  As explained by the court:

> [Plaintiff] provides only her job title, which is not the same as a job description.  Furthermore, the Complaint provides no description of the job duties (or even the job titles) of the similarly situated employees.  Nor are there any allegations concerning the similarly situated employees' pay provisions.  St. Croix merely seeks relief on behalf of "numerous individuals who were similarly situated" – a legal conclusion that does not satisfy *Twombly* and *Iqbal* pleading standards.

*Id*.

Similarly, in Creech v. Holiday CVS, LLC, the plaintiff sought to certify a class of "[a]ll shift supervisors who worked at Defendants' locations nationwide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a

workweek." Creech, 2012 WL 4483384, at *2 (M.D. La. Sep. 28, 2012). However, the plaintiff failed to "provide any . . . description or details about the other proposed parties who are alleged to be 'similarly situated.'" *Id*. at *3. In the absence of such allegations, the court concluded that "the collective action allegations lack the level of factual specificity required to survive a Rule 12(b)(6) motion." *Id*. The court emphasized that "[a] mere allegation of a 'systematic scheme' does not satisfy the plausibility standard" set forth in *Iqbal* and *Twombly*. *Id*. *See also Woodard v. FedEx Freight East, Inc*., 250 F.R.D. 178, 192 (M.D. Pa. 2008) (granting a motion for more definite statement where plaintiff's proposed collective action group was so "vague and ill-defined" that the defendant "[would] have a difficult time admitting or denying his pleading because it [would] not know to which group of employees it applies").

On the other hand, several courts have noted that the particular job descriptions of the putative class members are less critical where the class members "were victims of a single decision, policy or plan." *Tamez v. BHP Billiton Petroleum (Americas), Inc*., 2015 WL 7075971, at *3 (W.D. Tex. Oct. 5, 2015). In *Tamez*, for example, individuals who performed work on behalf of an oil and gas company alleged that they were paid a day-rate with no overtime despite that they routinely worked overtime hours. *Id*. at *1. The plaintiffs sought conditional certification of a class comprised of "[a]ll persons who worked for Defendant and were paid a 'day rate' at any time since three years prior to April 24, 2015 . . .". *Id*. The court granted conditional certification, explaining:

> The alleged FLSA violations in this case do not depend on the job title or responsibilities of each particular plaintiff. Plaintiffs allege that they were paid a fixed amount per day without regard for the number of hours worked. Plaintiffs argue that such a compensation scheme is a per se violation of the FLSA and its implementing regulations.1 If Plaintiffs are correct, then BHP Billiton violated the FLSA with regard to every putative plaintiff regardless of their particular job position. In some cases, plaintiffs allege FLSA violations that require showing not only the

> existence of a common compensation scheme but also certain factual predicates. In these cases, it may be appropriate to require the class be limited to a particular job position in order to provide the court some assurance that the relevant facts are common across the class. Whereas here, Plaintiffs allege that the compensation scheme is in of itself a violation the FLSA. No further factual inquiry is necessary.

*Id.* at *3. *See also Minyard v. Double D Tong, Inc.*, 237 F.Supp.3d 480, 490 (W.D. Tex. 2017) (noting that an FLSA violation does not depend on the job title or responsibilities of each plaintiff where "a common scheme or policy allegedly affect[ed] all . . . [proposed class members]"); *Lagasse v. Flextronics America, LLC*, 2012 WL 2357442, at *5 (D. R.I. June 1, 2012) (denying a Rule 12(b)(6) challenge to an FLSA plaintiff's collective action allegations and noting that a plaintiff must only allege "facts which plausibly support his claim that he and other [class members] were similarly situated with respect to their job duties and manner of pay and were victims of a common policy to misclassify them as overtime-exempt employees.").

Indeed, as noted by Plaintiff, courts appear to routinely certify classes defined in very similar terms to the proposed class definition set forth in the Second Amended Complaint. *See, e.g.*, *Hernandez v. Apache Corporation*, No. 4:16-3454, ECF Nos. 38 and 50 (S.D. Tex. Sept. 8, 2017) (certifying class consisting of "[a]ll oilfield workers who worked for Apache during the past 3 years who were classified as independent contractors and paid a day-rate with no overtime"); *Baucum v. Marathon Oil Corp.*, 2017 WL 3017509, at *8 (S.D. Tex. July 14, 2017) (certifying a class consisting of "[a]ll persons who worked for Marathon as HES Advisors and/or Solids Control Operators who were classified as independent contractors and paid a day-rate with no overtime compensation" during the relevant time period); *Williamson v. ConocoPhillips*, No. 2:17-103, ECF No. 15 (S.D. Tex. July 31, 2017) (certifying a class consisting of "[a]ll individuals who worked as independent contractors for ConocoPhillips . . . as Completions Consultants or Wellsite Consultants and who were paid a day rate"); *Matte v. Greene's Energy*

*Group, LLC*, No. 2:16-1258, ECF No. 19 (W.D. Pa. Mar. 8, 2017) (Cercone, J.) (certifying a class of "all current and former independent contractors of [defendant] who worked in the oilfield at any time" during the relevant time period); *Stewart v. Anchor Drilling Fluids USA, Inc.*, No. 2:16-1372, ECF No. 49 (W.D. Pa. July 10, 2017) (Schwab, J.) (certifying a class comprised of "[a]ll mud engineers / drilling fluid engineers who performed work for and/or on behalf of [defendant] during the three years prior . . . who were classified as independent contractors and paid a day rate").

On balance, the Court concludes that the proposed Second Amended Complaint contains sufficient factual background to survive a challenge based on *Iqbal* and *Twombly*. Plaintiff has identified several specific types of consultants employed by Defendant and stated that he personally observed individuals occupying those positions routinely working in excess of forty hours per week without receiving overtime wages. Plaintiff alleges that each and every one of the individuals employed as independent contractors by Defendant, irrespective of the job responsibilities and duties of each unique position, were subjected to the same illegal pay scheme. At this nascent stage in this litigation, these allegations are sufficient to permit this case to proceed. To the extent that critical differences between the proposed class members exist, Defendant will have an opportunity to address those distinctions at the class certification and/or summary judgment stages.

Having determined that the allegations in the proposed Second Amended Complaint satisfy the pleading requirements of *Iqbal* and *Twombly*, the Court concludes that amendment would not be futile. Accordingly, Plaintiff's Motion for Leave to Amend will be granted and the Second Amended Complaint will be substituted as the operative pleading in this action. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint will be denied.

## VI. CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Leave to Amend [Docket No. 16] will be GRANTED.  Defendant's Motion to Dismiss [Docket No. 10] will be DENIED.

Plaintiff's Second Amended Complaint shall be filed on or before February 7, 2018. Defendant's responsive pleading shall be filed on or before February 21, 2018.

IT IS SO ORDERED.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

CC/ECF:     All parties of record.
Date:       January 30, 2018