IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY McLAUGHLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SENECA RESOURCES CORPORATION,<br><br>Defendant. | Civil Action No. 17-255<br>Judge Nora Barry Fischer |

**MEMORANDUM OPINION**

## I.  Introduction

Plaintiff Gary McLaughlin ("Plaintiff") initiated this civil action against Seneca Resources Corporation ("Seneca" or "Defendant") seeking to recover unpaid overtime wages and other damages. Plaintiff's First Amended Complaint sets forth claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

Presently pending before the Court is Defendant's Second Motion for a More Definite Statement. (Docket No. 24). Also before the Court is Defendant's Motion to Strike Response in Opposition. (Docket No. 31). For the reasons set forth below, each motion will be DENIED.

## II.  Background

Plaintiff purports to bring this FLSA and PMWA action against Defendant, an oil and gas exploration company, on behalf of a class of similarly situated employees who Plaintiff contends were misclassified as independent contractors by Defendant to circumvent minimum wage and

1

overtime laws. In his First Amended Complaint, Plaintiff sought to certify a putative class consisting of "all current and former oilfield workers that worked for or on behalf of Seneca Resources who were classified as independent contractors and paid a day-rate during the last three (3) years." (Id. at ¶ 15).

On November 20, 2017, Defendant filed a Motion to Dismiss or, in the alternative, Motion for a More Definite Statement. (Docket No. 10). Defendant argued that the proposed class definition was legally insufficient and so vague as to provide no basis for Defendant to respond to the allegations in the Complaint. In response, Plaintiff sought leave to file a Second Amended Complaint in which he amended the class definition to encompass "all current and former consultants that worked for or on behalf of [Defendant] who were classified as independent contractors and paid a day-rate during the last 3 years." (Docket No. 16-3 at ¶ 32). Defendant opposed Plaintiff's request to file a Second Amended Complaint on the basis that the newly-worded class definition remained overly vague and legally insufficient to state a claim. (Docket No. 19).

On January 30, 2018, this Court issued a Memorandum Opinion and Order denying Defendant's Motion to Dismiss, denying Defendant's Motion for More Definite Statement, and granting Plaintiff leave to file the proposed Second Amended Complaint. (Docket No. 20). The Court observed that district courts "routinely certify classes defined in very similar terms to the proposed class definition set forth in the Second Amended Complaint" and that particular details of the job descriptions of the proposed class members are "less critical" where the class members where the victims of a single decision, policy or plan, as appears to be the case here. (Id. at 8-9).

Rather than file an answer to the Second Amended Complaint, Defendants filed the instant Motion for More Definite Statement, again arguing that the proposed class definition is overly vague.

Plaintiff characterizes the motion is duplicative and dilatory and requests that the Court deny the motion and toll the running of the statute of limitations to preserve the rights of potential opt-in plaintiffs who have yet to receive notice of this litigation.  Defendant argues that the request for tolling is procedurally improper and should be stricken because it was raised in a responsive brief rather than a motion.  (Docket No. 27).  Each of these motions is ripe for review.

**III.     Legal Standards**

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement of a pleading "which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  "Typically, the court restricts the use of this motion to pleadings suffering from unintelligibility rather than the want of detail."  Retzlaff v. Horace Mann Ins., 738 F.Supp.2d 564, 568-69 (D. Del. 2010).  Thus, "[t]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed."  Sun Co. v. Badger Design & Constructors, 939 F. Supp. 365, 368 (E.D. Pa. 1996) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1376, p. 311 (3d ed. 2004) (stating that "the pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed")).  "Granting the motion is appropriate only when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself."  Dixon v. Boscov's, Inc., No. Civ. A. 02-1222, 2002 WL 1740583, at *4 (E.D. Pa. July 17, 2002) (citing Sun Co., 939 F. Supp. at 368); see also 5 C. Wright & A. Miller, supra, § 1376, p. 312 n. 9.

**IV.     Discussion**

In its Rule 12(e) Motion, Defendant contends that Plaintiff's Second Amended Complaint "fails to adequately define the class of employees for whom the Plaintiff purports to represent," such that Defendant is "prejudiced in its ability to plead, in good faith, all applicable defenses to the claims asserted by Plaintiff."  (Docket No. 25 at 5, 9).  These allegations mirror those already raised by Defendants by way of their first Motion for More Definite Statement (Docket No. 10) and their responsive brief in opposition to Plaintiff's request to file the Second Amended Complaint. (Docket No. 19).  Each of Defendant's arguments has already been squarely rejected by this Court:

> [S]everal courts have noted that the particular job descriptions of the putative class members are less critical where the class members "were victims of a single decision, policy or plan." *Tamez v. BHP Billiton Petroleum (Americas), Inc*., 2015 WL 7075971, at *3 (W.D. Tex. Oct. 5, 2015).  In *Tamez*, for example, individuals who performed work on behalf of an oil and gas company alleged that they were paid a day-rate with no overtime despite that they routinely worked overtime hours. *Id*. at *1.  The plaintiffs sought conditional certification of a class comprised of "[a]ll persons who worked for Defendant and were paid a 'day rate' at any time since three years prior to April 24, 2015 . . .". *Id*.  The court granted conditional certification, explaining:
>
> The alleged FLSA violations in this case do not depend on the job title or responsibilities of each particular plaintiff. Plaintiffs allege that they were paid a fixed amount per day without regard for the number of hours worked. Plaintiffs argue that such a compensation scheme is a per se violation of the FLSA and its implementing regulations.1 If Plaintiffs are correct, then BHP Billiton violated the FLSA with regard to every putative plaintiff regardless of their particular job position. In some cases, plaintiffs allege FLSA violations that require showing not only the existence of a common compensation scheme but also certain factual predicates. In these cases, it may be appropriate to require the class be limited to a particular job position in order to provide the court some assurance that the relevant facts are common across the class. Whereas here, Plaintiffs allege that the compensation scheme is in of itself a violation the FLSA. No further factual inquiry is necessary.
>
> *Id*. at *3.  *See also Minyard v. Double D Tong, Inc*., 237 F.Supp.3d 480, 490 (W.D. Tex. 2017) (noting that an FLSA violation does not depend on the job title or

responsibilities of each plaintiff where "a common scheme or policy allegedly affect[ed] all . . . [proposed class members]"); *Lagasse v. Flextronics America, LLC*, 2012 WL 2357442, at *5 (D. R.I. June 1, 2012) (denying a Rule 12(b)(6) challenge to an FLSA plaintiff's collective action allegations and noting that a plaintiff must only allege "facts which plausibly support his claim that he and other [class members] were similarly situated with respect to their job duties and manner of pay and were victims of a common policy to misclassify them as overtime-exempt employees.").

Indeed, as noted by Plaintiff, courts appear to routinely certify classes defined in very similar terms to the proposed class definition set forth in the Second Amended Complaint. *See*, *e.g.*, *Hernandez v. Apache Corporation*, No. 4:16-3454, ECF Nos. 38 and 50 (S.D. Tex. Sept. 8, 2017) (certifying class consisting of "[a]ll oilfield workers who worked for Apache during the past 3 years who were classified as independent contractors and paid a day-rate with no overtime"); *Baucum v. Marathon Oil Corp.*, 2017 WL 3017509, at *8 (S.D. Tex. July 14, 2017) (certifying a class consisting of "[a]ll persons who worked for Marathon as HES Advisors and/or Solids Control Operators who were classified as independent contractors and paid a day-rate with no overtime compensation" during the relevant time period); *Williamson v. ConocoPhillips*, No. 2:17-103, ECF No. 15 (S.D. Tex. July 31, 2017) (certifying a class consisting of "[a]ll individuals who worked as independent contractors for ConocoPhillips . . . as Completions Consultants or Wellsite Consultants and who were paid a day rate"); *Matte v. Greene's Energy Group, LLC*, No. 2:16-1258, ECF No. 19 (W.D. Pa. Mar. 8, 2017) (Cercone, J.) (certifying a class of "all current and former independent contractors of [defendant] who worked in the oilfield at any time" during the relevant time period); *Stewart v. Anchor Drilling Fluids USA, Inc.*, No. 2:16-1372, ECF No. 49 (W.D. Pa. July 10, 2017) (Schwab, J.) (certifying a class comprised of "[a]ll mud engineers / drilling fluid engineers who performed work for and/or on behalf of [defendant] during the three years prior . . . who were classified as independent contractors and paid a day rate").

(Docket No. 20 at 8-10).

Defendant has failed to cite any legal basis to support the filing of a second, substantively identical motion attacking the Second Amended Complaint on the precise same grounds that have already been rejected. Consequently, for the reasons set forth in the Court's Memorandum Opinion of January 30, 2017 (Docket No. 20), which is incorporated herein by reference, Defendant's Motion will be denied.

In light of the redundant nature of Defendant's repeated and duplicative attacks on the sufficiency of Plaintiff's pleadings, Plaintiff requests tolling of the two-year statute of limitations applicable

to FLSA actions. Plaintiff contends that tolling is necessary to prevent potential opt-in claimants from losing those portions of their claims that may expire prior to receiving notice of this action. The Third Circuit has held that equitable tolling of a statutory limitations period may be appropriate where: (1) "the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, and that deception causes non-compliance with an applicable limitations provision"; (2) "the plaintiff in some extraordinary way has been prevented from asserting his rights"; (3) or "the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005). Tolling may also be appropriate when it is "demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

In this instance, a brief period of equitable tolling in the interests of justice is warranted. As noted by the United States Supreme Court, the benefits of a collective action depend upon potential class members "receiving accurate and timely notice" of their potential claims. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Because timing is so critical to such actions, courts have recognized that tolling may be appropriate where unreasonable delay results in potential prejudice to actual or potential opt-in plaintiffs. *See*, *e.g.*, *Kolosa v. BOS Solutions, Inc.*, No. 2:17-cv-1087, ECF No. 63 (W.D. Pa. Mar. 7, 2018) (tolling the statute of limitations for potential opt-ins during the pendency of a motion for conditional class certification); *Depalma v. Scotts Company, LLC*, 2016 WL 4161093, at *3 (D.N.J. Aug. 4, 2016) (noting that courts "routinely" toll the statute of limitations in FLSA cases where delays occur which are outside of the control of the plaintiffs or opt-in plaintiffs); *Ornelas v. Hooper Homes, Inc.*, 2014 WL 7051868, at *4 (D.N.J. Dec. 12, 2014) (finding equitable tolling to be "in the interests of justice" because of a lengthy delay in resolving a motion for conditional certification).

As in each of the foregoing cases, Plaintiff has diligently and actively pursued his claims in this action.  Plaintiff had no part in the delay occasioned by Defendant's decision to file a second, duplicative Rule 12(e) motion; to the contrary, Plaintiff decisively prevailed on Defendant's motion the first time it was presented.  Finally, a brief period of tolling will not prejudice the Defendant by increasing or altering the number of persons who can bring claims against it.  Rather, it will merely prevent claims from lapsing based on the delays in reaching the discovery stage of this litigation.  *See*, *e.g.*, *Struck v. PNC Bank*, 931 F.Supp.2d 842, 848 (S.D. Ohio 2013) (noting lack of prejudice where Defendant has full knowledge of the scope of potential liability).

Plaintiff has requested tolling from November 20, 2017 – the date on which Defendant filed its first Motion to Dismiss - until such time as an answer is filed.  As noted by Defendant, however, that motion directly led to Plaintiff's latest request to amend his complaint, suggesting that the motion was neither dilatory or frivolous.  On the other hand, Defendant's second Motion for More Definite Statement, filed on February 21, 2018, consists entirely of legal arguments that have already been conclusively addressed and ruled upon by this Court.  The filing of this type of duplicative motion – and the extensive briefing required thereafter – warrants equitable tolling.  Consequently, the Court will equitably toll the statute of limitations for a period commencing on February 21, 2018, and terminating as of the date on which Defendants file a responsive pleading.[1]

**VI.   CONCLUSION**

For all of the foregoing reasons, Defendant's Motion for More Definite Statement [Docket No. 24] and Motion to Strike [Docket No. 31] will be DENIED.

---

[1] Defendant's Motion to Strike Plaintiff's tolling request as "procedurally improper" (Docket No. 27, 31) is denied.  Defendant has cited no caselaw to support this position and, in any event, has been granted a full and fair opportunity to respond to Plaintiff's request by way of a reply brief.  Moreover, as discussed herein, a request for a period of equitable tolling is not uncommon in FLSA actions.

Plaintiff's request for equitable tolling will be GRANTED. The statute of limitations in this action will be tolled from February 21, 2018 until the date on which an answer is filed by Defendant. Defendant is instructed to file an answer to the Second Amended Complaint on or before **April 30, 2018.**

IT IS SO ORDERED.

                                                          */s/ Nora Barry Fischer*
                                                          Nora Barry Fischer
                                                          United States District Judge

CC/ECF:        All parties of record.
Date:             April 16, 2018